IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01451–MSK–KMT

SAFEWAY INC.,

    Plaintiff,

v.

DURO-LAST, INC.,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion To Amend Complaint." (Doc. No. 14, filed Nov. 2, 2010 [hereinafter "Mot."].) Defendant filed its "Response in Opposition to Plaintiff's Motion to Amend Complaint" on November 23, 2010 (Doc. No. 21 [hereinafter "Resp."]) and Plaintiff filed its "Reply in Support of Plaintiff's Motion to Amend Complaint" on December 10, 2010 (Doc. No. 22 [hereinafter "Reply"]).

This case concerns a roof manufactured by Defendant and purchased by Plaintiff in 1993 for use on one of Plaintiff's Safeway stores. (Resp. 1–2.) In the summer of 2009, the roof allegedly failed following a hail storm. (*Id.* at 2.) Plaintiff contends that this failure is covered by a "20 Year Warranty" (*see* Mot. Ex. 1 [hereinafter "Warranty"]) issued by Defendant; Defendant disagrees and contends that the failure is not covered by the Warranty. (Resp. at 1–2.)

In its Motion, Plaintiff seeks to amend its Complaint (Doc. No. 1, filed June 21, 2010) in response to arguments raised in "Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)" (Doc. No. 11, filed Sep. 15, 2010 [hereinafter "Mot. to Dismiss"]). (Mot. ¶ 2.) More specifically, Plaintiff interprets Defendant's Motion to Dismiss to argue that the Warranty was not an agreement to repair or replace the roof under certain conditions for a period of twenty years, but instead was only a limited warranty for the roof itself, and thus that the repair or replacement provision contained therein was enforceable only for the length of the three-year statute of limitations found at Colo. Rev. Stat. § 4–2–725. (Mot. ¶ 2.) Consequently, Plaintiff seeks to amend its Complaint to allege that Defendant's practice of offering a twenty-year warranty that it knows will only be enforceable for three years after the sale of its roofs violates the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6–1–101, *et seq.,* and amounts to fraud. (*See* Mot.; "First Amended Complaint," Doc. No. 14–1 [hereinafter "Am. Compl."].) Plaintiff also seeks to abandon its claims for breach of implied warranty (*compare* Compl. ¶¶ 15–20 *with* Am. Compl.), but proposes to assert a claim for breach of good faith and fair dealing (Am. Compl. ¶¶ 30–32).

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).   Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Defendant does not, and likely could not, argue that Plaintiff's motion is unduly delayed. The Scheduling Order in this case was entered *after* Plaintiff filed its Motion, and, moreover, established a deadline for amending the pleadings of January 31, 2011. (Doc. No. 18 ¶ 9(a), entered Nov. 15, 2010.)  Accordingly, Plaintiff's Motion is timely.

Rather, Defendant argues that Plaintiff's Motion should be denied because the proposed amendments would be futile. (Resp. at 1.)  Defendant maintains that Plaintiff's proposed CCPA and fraud claims are "based on a fundamental misunderstanding of [Defendant's] Motion to Dismiss" and the proposed claims lack a "good faith basis to allege that, when the warranty was issued in 1993, [Defendant] had no intention to honor the warranty beyond three years." (*Id.* at 5–6.)

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, a complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

The court finds that it is not clear at this juncture that Plaintiff's proposed CCPA and fraud claims would be futile on the merits. *See Foman*, 371 U.S. at 182 (noting liberal philosophy in letting plaintiff test his proposed legal theories as long as they are not facially deficient). Indeed, by Defendant's own admission, these claims implicate a highly fact-based inquiry into whether Defendant intended to honor the Warranty at the time it was issued. (*See* Resp. at 4–5.) At this stage, it is simply not appropriate for the Court to weigh the facts and evidence to resolve any disputes between the parties. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999).

Morever, the court is further persuaded by Federal Rule of Civil Procedure 9(b). While that Rule requires that the "circumstances constituting fraud" be alleged with particularity, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Here, Defendant does not argue that Plaintiff has failed to describe the

particular circumstances that give rise to Plaintiff's CCPA and fraud claims. Rather, Defendant argues that Plaintiff provides "no factual support" for Plaintiff's position that Defendant "had no intention of honoring its warranty" (Resp. at 5)—a matter that Plaintiff is clearly permitted to allege generally. Fed. R. Civ. P. 9(b).

Altogether, the court is not inclined to delve deeply into the merits of Plaintiff's proposed claims at this stage of the proceedings. Moreover, the circumstances presented here are unlike a plaintiff's last-ditch effort to avoid an otherwise inevitable dismissal by attempting to amend its complaint. *Francis v. Starwood Hotels & Resorts Worldwide, Inc.* 10–cv–02105–REB–KLM, 2010 WL 5094224, at *3 (D. Colo. Dec. 08, 2010). Instead, Plaintiff's present Motion appears consistent with the common occasion of a plaintiff attempting to cure potential deficiencies in its complaint as raised in a motion to dismiss. *Id.* Ultimately, at a minimum, it appears prudent to leave the question of whether Plaintiff is actually entitled to recover on its proposed CCPA and fraud claims to a fully-briefed dispositive motion.

Turning to Plaintiff's proposed claim for breach of good faith and fair dealing, Defendant argues that because the result of a breach of good faith and fair dealing "is merely a breach of contract subject to standard contract remedies," it is "subsumed by and duplicative of Plaintiff's proposed first claim for relief." (Resp. at 6.) However, Defendant fails to cite, and the court is unable to otherwise locate, any case suggesting that breach of contract and breach of good faith and fair dealing claims are necessarily duplicative. *See, e.g., Lufti v. Brighton Cmty. Hosp. Ass'n,* 40 P.3d 51, 58–59 (Colo. App. 2001) (separately addressing claims of breach of contract and breach of covenant of good faith and fair dealing). *See also Newflower Market, Inc. v. Cook,*

229 P.3d 1058, 1064 (Colo. App. 2010) ("Under Colorado law, *every* contract contains an implied duty of good faith and fair dealing") (emphasis added).

Finally, Defendant does not argue, and the court does not otherwise find, that Defendant would be unduly prejudiced by Plaintiff's proposed amended claims. The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). "Most often, this occurs when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

In this case, the circumstances underlying Plaintiff's proposed amended claims are the same as those underlying the original Complaint. Moreover, this case is in its relative infancy; even if the proposed amendments significantly shifted the thrust of the case, Defendant has ample time to adjust. Accordingly, the court finds that Defendant will not be unduly prejudiced if Plaintiff's Motion is granted.

Therefore, it is

ORDERED that

Plaintiff's "Motion To Amend Complaint" (Doc. No. 14) is GRANTED. The Clerk of Court is directed to file the "First Amended Complaint" (Doc. No. 14–1) attached to Plaintiff's Motion.

Dated this 21st day of December, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge